UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00094-RJC

| | |
|---|---|
| THOMAS HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 7), and Memorandum in Support, (Doc. No. 8), and Defendant's Motion for Summary Judgment, (Doc. No. 11), and Memorandum in Support, (Doc. No. 12).

Defendant also filed a Consent Motion for Extension of Time, (Doc. No. 10), which this Court has not considered until now. After noticing that Plaintiff consented to this Motion and that Defendant thereafter filed her Motion for Summary Judgment within the time period requested, the Court hereby **GRANTS** the extension of time and considers Defendant's Summary Judgment Motion timely. Defendant's prior Consent Motion for Extension of Time, (Doc. No, 9), is thereby **DISMISSED as moot.**

I. BACKGROUND

A. Procedural Background

Plaintiff Thomas Hall ("Plaintiff") seeks judicial review of Defendant's denial

of his social security claim. (Doc. No. 1). On or about October 30, 2014, Plaintiff filed an application for disability insurance benefits, alleging an inability to work due to disabling conditions beginning on July 1, 2013. (Doc. Nos. 5 to 5-10: Administrative Record ("Tr.") at 26, 103). Plaintiff's application was denied initially on May 4, 2015, and upon reconsideration on June 9, 2015. (Tr. 129, 140).

On September 7, 2016, Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). (Tr. 49–102). The ALJ issued a decision on November 2, 2016, denying Plaintiff's claim. (Tr. 23–42). Plaintiff filed a request for review of the ALJ's decision on or about December 9, 2016, (Tr. 22), which was denied by the Appeals Council on February 8, 2017, (Tr. at 8–13), and again on April 12, 2017, upon consideration of additional information, (Tr. 1–7). Therefore, ALJ's 2016 decision became the final decision of the Commissioner.

B.  Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes[1] from July 1, 2013 through the date of the ALJ's decision, November 2, 2016. (Tr. 26, 42). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[1] Under the Social Security Act, 42 U.S.C. §§ 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The ALJ concluded that Plaintiff was not under a disability during the relevant time period. (Tr. 42).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a) (2012). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
> (5) whether, considering claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 41–42).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since July 1, 2013, the alleged disability onset date. (Tr. 28). At the second step, the ALJ found that Plaintiff had the following severe impairments: "status post bilateral knee arthroplasty due to degenerative joint disease; degenerative disc disease of the lumbar spine and cervical spine; obesity; anxiety disorder; and depressive disorder." (Tr. 28–29). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that [met] or medically equal[ed] one of the listed impairments in 20 CFR 404,

3

Subpart P, Appendix 1." (Tr. 29–31).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform "light work" with the following limitations:

> occasionally climb ramps and stairs; occasionally climb step ladders (defined as no more than a height of four vertical feet); never climb ladders above that height and never climb ropes and scaffolds of any height; frequently balance and stooping; occasional kneel, crouch, and crawl; limited to hearing and understanding oral and written instructions and to communicating information defined as no greater than general education development level 4, as defined by appendix C to the DOT; only occasional exposure to unprotected heights; frequent exposure to moving mechanical parts, operating a motor vehicle, humidity and wetness; frequent exposure to dust, odors, fumes and other pulmonary irritants; frequent exposure to extreme cold, extreme heat, and vibration; exposed to only moderate noise levels; limited to no production rate pace work (e.g. no assembly line work or work that is measured by production quotas); frequent interaction with supervisors and coworkers; can work in proximity to, but not greater than occasional interaction with general public; limited to no more than occasional changes to the work setting and the manner/method of performing the assigned work; and the claimant's time off task can be accommodated by normal breaks.

(Tr. 31–40). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. 32). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Id. at 33).

At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work. (Tr. 40). Finally, at the fifth step, the ALJ determined that, after "[c]onsidering the claimant's age, education, work experience, and residual functional

4

capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. 41–42). Therefore, the ALJ concluded that Plaintiff was not "disabled" from July 1, 2013, through November 2, 2016, the date of the decision. (Tr. 42).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). As the Social Security Act provides, if the Commissioner's findings as to any fact are supported by substantial evidence, they shall be conclusive. 42 U.S.C. § 405(g); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . ."). "Substantial evidence" has been defined as "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not for a reviewing court to

weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

On appeal, Plaintiff asserts two errors to warrant reversal or remand of the ALJ's decision. Plaintiff claims that the ALJ erred in: (1) limiting the weight given to a disability rating given to Plaintiff by the Department of Veteran's Affairs ("VA"); and (2) evaluating Plaintiff's social functioning. (Doc. No. 8). The Court finds Plaintiff's first argument persuasive.

Plaintiff argues that the ALJ improperly discounted a disability finding made by the VA. (Id. at 4–5). In this 2014 finding, the VA concluded that Plaintiff,

> had a 70 percent disabling rating for trauma/stressor related disorders, 50 percent for obstructive sleep apnea, 50 percent for gynecomastia, 30 percent for each of his knees for sprains and subsequent surgical replacements, 30 percent for his headaches, 20 percent for his cervical spine strain … and 10 percent for his lumbar degenerative arthritis.

(Id. at 4) (citing (Tr. 233–34)). The ALJ took note of this decision in the record, but accorded it "only limited weight." (Tr. 38). In doing so, the ALJ provides two reasons. First, the ALJ described the difference between the standards employed by the SSA and the VA:

> The seminal difference between the disability adjudication process in

> the VA system and SSA's determination of disability is the SSA focus on functional capacity and functional limitations from impairments. Whereas the VA assigns percentages of disability from a published chart, without consideration of the impact of the rated component impairment on the claimant's ability to perform basic work tasks, SSA focuses directly upon such functional limitations and their impact on the ability to perform past work, as well as other jobs existing in the national economy.

(Tr. 38). Then the ALJ "note[d] that an opinion on whether an individual is disabled goes to an issue reserved to the Commissioner and therefore cannot be given special significance." (Id.).

The Fourth Circuit did not find the type of summary reasoning provided by the ALJ persuasive. In <u>Bird v. Comm'r of Soc. Sec. Admin.</u>, the Court held that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." 699 F.3d 337, 343–44 (4th Cir. 2012). An ALJ may give a VA disability rating less weight since "the SSA employs its own standards for evaluating a claimant's alleged disability, and … the effective date of coverage for a claimant's disability under the two programs likely will vary." <u>Id.</u> However, when assigning less weight, the ALJ must show that the record "clearly demonstrates that such a deviation is appropriate." <u>Id.</u>

Here, the ALJ's reasoning warrants remand. While the VA determination may very well warrant a reduction of weight, the ALJ's analysis summarily reduced the weight of that determination merely because of the nature of the VA determination. Automatic, unexplained discrediting of VA disability determinations is not justified. The ALJ must look at the record and explain why, apart from the

differing standard between the SSA and VA, the determination in question deserves less credit.

## IV. CONCLUSION

Because the ALJ failed to sufficiently explain why Plaintiff's VA disability determinations deserve less weight, the Court remands this case for further proceedings in accordance with its findings. Because the Court agreed with Plaintiff's first issue, it did not evaluate the ALJ's determination of Plaintiff's social functioning. As such, upon remand, the Court directs the ALJ to take note of Plaintiff's arguments.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Consent Motion for Extension of Time, (Doc. No. 10), is **GRANTED**;
2. Defendant's Consent Motion for Extension of Time, (Doc. No, 9), is thereby **DISMISSED as moot**;
3. Plaintiff's Motion for Summary Judgment, (Doc. No. 7), is **GRANTED**;
4. Defendant's Motion for Summary Judgment, (Doc. No. 11), is **DENIED**; and
5. The Clerk of Court is respectfully directed to close this case.

Signed: April 19, 2018

Robert J. Conrad, Jr.
United States District Judge